```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
M & T MORTGAGE CORPORATION,
                                              MEMORANDUM DECISION
                      Plaintiff,             AND ORDER

                                              CV 2002-5410 (NG)(MDG)
          - against -

CEDRIC D. MILLER, et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - X
```

This order addresses a dispute arising from discovery requests made by defendants and third-party plaintiffs Cedric and Elizabeth Miller ("the Miller defendants") involving thirty-six files of consumer complaints ("the files") against defendants Better Homes Depot, Inc. and/or Eric Fessler (collectively "Better Homes"). These files are currently held by Borchert, Genovesi, LaSpina & Landicino, P.C. (the "Borchert Firm"), former counsel for Better Homes, who assert a retaining lien. Steven Bagwin, new counsel for Better Homes, seeks to compel the Borchert Firm to produce the documents so they can be reviewed and turned over to the Miller defendants.

## BACKGROUND

According to Better Homes and not disputed by the Borchert Firm, the Borchert Firm acquired the files in connection with its representation of Better Homes in a prior action in the New York Supreme Court entitled Polonetsky v. Better Homes Depot, Inc., N.Y. County Index No. 99-402602 ("the Polonetsky Action"), which

is now closed. In letters dated January 14, 2005 and January 19, 2005, Anthony Genovesi, Jr., a partner in the Borchert Firm, contends that the Polonetsky files, which would have been closed, were incorporated into the Miller action pursuant to the Miller defendants' November 6, 2003 discovery demand and therefore are part of the Miller file and subject to a retaining lien against defendants for the remaining balance.

Richard Wagner, counsel for the Miller defendants, seeks sanctions against the Better Homes defendants, the Borchert Firm, or both.

## DISCUSSION

A federal district court must exercise supplemental jurisdiction over fee disputes and claims for liens related to an action otherwise properly before it absent "exceptional circumstances." Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998); see also Lazzaro v. Manber, No. CV 87-2153, 1989 WL 47708 (E.D.N.Y. Apr. 27, 1989) ("A federal district court has ancillary jurisdiction to hear fee disputes and claims for liens related to an action otherwise properly before it"). Under New York law, an attorney may assert a retaining lien over a client's files as security for unpaid fees upon discharge. See Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991). However, since the primary claims are based on federal law, the treatment of an attorney's lien is governed by federal, not state, law. Pomerantz v. Schandler, 704

-2-

F.2d 681, 682 (2d Cir. 1983) (per curiam).

An attorney may assert a lien for outstanding unpaid fees and disbursements on a client's papers obtained in the course of representation and, absent evidence of misconduct on the part of counsel, the court will normally not require the lawyer claiming a lien to turn over the papers in her possession unless the client pays the claimed outstanding charges or posts adequate security for payment.  See Wynn v. AC Rochester, GM Corp., 982 F. Supp. 926, 927 (W.D.N.Y. 1997) (citing Pomerantz, 704 F.2d at 683).  The Second Circuit has held that, absent exigent circumstances, it is an abuse of discretion to require withdrawing counsel to turn over papers subject to a lien without conditioning it on payment or posting security for payment of outstanding legal fees.  See Pomerantz, 704 F.2d at 683. However, if the client makes "a clear showing of the need for the papers, the prejudice that would result from denying him access to them, and his inability to pay the legal fees or post a reasonable bond," the court may order the release of the files without payment of fees or the posting of a bond.  Pomerantz, 704 F.2d at 683; see also Shoe Show, Inc. v. Laurizel, 1993 WL 150322, *1 (E.D.N.Y. May 3, 1993) (citation omitted).

Notwithstanding the existence of an attorney's retaining lien, courts must also protect the rights of adversaries of the defaulting client, who seek discovery of the documents subject to the lien.  In Tri-Ex Enterprises, Inc. v. Morgan Guaranty Trust Co. of New York, 583 F. Supp. 1116 (S.D.N.Y. 1984), the Court

ordered that the adversary of a party whose papers were the subject of an attorney's lien be given access to the papers while continuing to deny access to the party whose papers were subject to the lien.  Judge Conner reasoned: "Where the adversary has access to documents which the client does not, the inconvenience to the client is increased, thereby enhancing the value of the lien."  Id. at 1117-1118.  Finally, "it would be inequitable to deny a litigant access to relevant, and perhaps essential, proof merely because his adversary has refused to pay his attorney's fees."  Id. at 1118.

This Court agrees with the reasoning of Tri-Ex.  Therefore the Miller defendants are entitled to the documents they seek from Better Homes' former counsel, irrespective of the firm's lien.  At the same time, in order to preserve the effect of the lien, the Better Homes defendants and their new counsel must be denied access to these documents.  In this regard, this Court finds that the Borchert Firm's lien does extend to the documents originally part of the Polonetsky files.  That the Borchert Firm's billing records do not reflect that time was spent to transfer files from the Polonetsky matter to files for this case is irrelevant; what is undisputed is that the firm had possession of the client's documents at a time when a discovery request propounded by the Miller defendants related to those documents.  Better Homes does not contend that it demanded return of the documents before it became obligated to respond to discovery requests in this action.

This ruling creates no unfairness to Better Homes since it has the ability to rectify this imbalance either (1) by resolving their fee dispute with the Borchert Firm or (2) by posting security to cover the Firm's claim. Accordingly, except for viewing the documents when they are being questioned about them during their depositions or at trial, defendants Better Homes and Fessler will be denied access to the files subject to the lien. See Tri-Ex, 583 F. Supp. at 1118. The other parties to this action are directed not to provide copies of the documents to Better Homes and Fessler or their present counsel except as set forth above or as otherwise permitted by the Court.

Finally, plaintiffs' request for sanctions against the parties is denied. The requests at issue were still in the process of being pared down by the parties through the time that the motion to withdraw was pending. By the time the Court's last order was entered, the Borchert Firm was no longer counsel of record. Even though the Borchert Firm's actions made it difficult for Better Homes to comply, based on the record before the Court, there is no reason to question the assertion of the lien. The Borchert Firm must comply with production by February 11, 2005.

This Court also denies plaintiffs' request for sanctions against defendants Better Homes and Fessler. Given the circumstances, new counsel and Better Homes did not have the means to comply with the Court's most recent order. Nevertheless, the Court observes that counsel's request for the

Court's assistance was made on the eve of the deadline for production of the files.  Defendants are warned that in the future, the lateness of a request will be considered by this Court.

## CONCLUSION

For the foregoing reasons, the motion to compel the Borchert Firm to return the files to Better Homes is denied.  However, the Borchert Firm must produce the documents to the Miller defendants in accordance with this order.  The motion for sanctions by the Miller defendants is denied.

SO ORDERED.

Dated:   Brooklyn, New York
         January 27, 2005

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE