```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
M & T MORTGAGE CORPORATION,

                    Plaintiff,           ORDER

                                         CV 2002-5410 (NG)(MDG)
        - against -

CEDRIC D. MILLER, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - -X
```

By letter dated August 31, 2005 (ct. doc. 158) ("Defs. Let."), defendants Madison, Malone and Rindenow ("Madison") move to compel defendants and third-party plaintiffs Cedric and Elizabeth Miller ("the Millers" or "plaintiffs") to respond to Madison's Eleventh Notice to Produce.  Counsel for the Millers have objected both to the relevance and scope of the requests and claim that certain of the requests violate their privacy rights. See Letter dated September 14, 2005 of Hugh Zuber ("Zuber Let.") (ct. doc. 160).

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to conduct discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1). Moreover, the Advisory Committee notes state that "information

that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable.... [T]he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments.  However, "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses."  Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

After considering the submissions and prior proceedings, this Court grants the motion to compel in large part, but limits some of the requests which are overbroad.

Requests 1-7 regarding mental and physical condition.  Plaintiffs oppose Madison's requests for information and authorizations regarding mental health treatment received by Elizabeth Miller (requests 1 and 2), claiming that plaintiffs will not present testimony from any mental health provider and that Mrs. Miller will not seek damages for emotional distress.  Zuber Let. at 1-2.  They also claim that Elizabeth Miller never sought treatment for her emotional distress caused by defendants' conduct.  Id. at 1.

This Court finds that Mrs. Miller has put her mental and emotional state at issue since plaintiffs allege in their third

party complaint that the defendants' conduct have caused plaintiffs to "have suffered constant depression, anxiety, loss of sleep, and marital stress, and have been forced to relocate as the result of having been victimized by the defendants..." Answer and Amended Third Party Complaint ("Am. 3d Party Compl.") at ¶ 151.  Mrs. Miller also testified in her deposition that because of the stress resulting from defendants' fraud, she left her job, her health deteriorated and her marriage suffered.[1]  Even though Mrs. Miller may not be "directly" seeking damages for emotional distress, her allegations regarding the consequences of the stress caused by defendants' conduct opens the door to discovery regarding other causes of her alleged decline in physical and mental well-being.  See Montgomery v. New York State Office of Mental Health, No. 00 Civ. 4189, 2002 WL 500357, at *1 (S.D.N.Y. April 3, 2002) (noting that even if plaintiff did not seek damages for emotional distress, "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration"); see also Cuoco v. U.S. Bureau of Prisons, 98 Civ. 9009, 2003 WL 1618530, at *3 (S.D.N.Y. March 27, 2003) (permitting discovery to ascertain whether plaintiff's distress was caused by other circumstances and noting plaintiff can testify about her emotional injuries without a psychotherapist);

---

[1]  During a telephone discovery conference held on March 4, 2005 at the start of the deposition of Mrs. Miller, Richard Wagner, counsel for plaintiffs, stated that the Millers would testify about "how the experience made them feel," but would not use any experts.  Dep. Trans. at 223 (ct. doc. 158, attachment 6).

Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 134 (D.N.J. 2001) (at discovery stage, records may lead to causes of stress unrelated to defendant's conduct).

For the same reason, information regarding any medical treatment she has received (requests 3-7)[2] may have bearing on whether Mrs. Miller's alleged decline in health or change in employment resulted from defendants' conduct or from other causes. See id. Records regarding treatment for cancer she received may particularly be relevant to her mental state and ability to work. See Evanko v. Elec. Systems Assoc., Inc., No. 91 Civ. 2851, 1993 WL 14458, at *2 (S.D.N.Y. Jan. 8, 1993) (noting that "gynecological problems" may affect plaintiff's emotional state). In addition, since plaintiffs claim that Mrs. Miller did not seek treatment for her mental or emotional health, the medical records may contain notations or other information regarding her mental condition.

However, this Court finds that Madison's requests, which do not contain any time restriction, are too broad. To be sure, Madison is entitled to records from some date before 1999 to provide a frame of reference for evaluating Mrs. Miller's actual physical condition before the events giving rise to the claims in this action. This Court finds that records of medical treatment from 1994, five years before the events at issue, will be

---

[2] Richard Wagner, counsel for plaintiffs, conceded at a conference on September 9, 2005 that he had no objection to release of records regarding Mrs. Miller's treatment for cancer (Req. no. 3). See Transcript at 28. Inexplicably, plaintiffs now also oppose release of those records.

sufficient to provide a baseline.

Madison vociferously argues for release of records concerning Mrs. Miller's treatment by mental health professionals, pointing to Criminal Court records which indicate that Mrs. Miller was ordered to undergo psychiatric examination at Elmhurst Hospital and had treatment with social workers at Brookdale Hospital.[3]  See Defs. Let at 4 (ct. doc. 158) and attachment 7.  There is no dispute that Mrs. Miller was convicted of a horrific crime, as defendants have determinedly highlighted in its submissions.  However, she was convicted of crimes she committed in August 1982 when she was twenty and apparently has not received any treatment in the past twenty years.  Setting aside whatever suspicions people may harbor about the mental health of persons who commit child abuse, this Court is not persuaded that the records from more than twenty years ago are relevant to the issue of Mrs. Miller's frame of mind in 1999.  Thus, discovery of records regarding any treatment by social workers, psychologists, psychiatrists or other mental health experts is limited to 1994 to the present.  See Marsch v. Rennselaer County, 218 F.R.D. 367, 370 (N.D.N.Y. 2003) (noting that Court had previously limited discovery to records for the five-year period before and after the events giving rise to

---

[3] In fact, the Criminal Court records simply contain reports of interviews at Brookdale Hospital with a doctor and social worker, as well as Mrs. Miller ne'e Elizabeth Sims, relating to statements made by Mrs. Miller when her child was admitted to the hospital.  See ct. doc. 158, attachment 7 at 27-29.

action in question, but permitting defendant's expert conducting a mental examination to inquire about earlier matters).

Request 10.  The plaintiffs have already answered this request.

Requests 18, 19, 20 and 27 regarding other expenses.  Since plaintiffs allege that they were induced by defendants to purchase a home and obtain a loan they could not afford to pay, Am. 3d Party Compl. at ¶¶ 75, 122, their financial condition is relevant.  Again, the requests are too broad and are limited to all applications for services made between 1999 and 2002 and records of bills and payments for 1999 and 2000.

Requests 24 and 25 regarding education.  Since plaintiffs assert claims for fraud in the purchase of the premises, Am. 3d Party Compl. passim, their education may have bearing on the issue of reliance.  This request is limited to transcripts and applications for admission.

CONCLUSION

For the foregoing reasons, the motion to compel is granted to the extent set forth above. The Millers must provide the documents and duly executed authorizations by October 12, 2005. Counsel for defendants must maintain the confidentiality of any records obtained and may not disclose the records to any person, including their clients, except as may be necessary to assist in this litigation.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 27, 2005

                                        /s/
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE