UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

M & T MORTGAGE CORPORATION,

                Plaintiff,      <u>ORDER</u>

                                      CV 2002-5410 (NG)(MDG)

   - against -

CEDRIC D. MILLER, <u>et</u> <u>al</u>.,

                Defendants.

- - - - - - - - - - - - - - - - - -X

    For the reasons stated on the record at the November 1, 2005 conference and those stated herein, defendants Madison's, Malone's and Rindenow's ("Madison") motion to compel defendant and third-party plaintiff Elizabeth Miller to submit to a Rule 35 psychiatric examination is granted.  <u>See</u> Minute entry for status conference held before Marilyn D. Go on November 1, 2005.  Miller objects on the ground that an examination would not yield relevant evidence because Miller has not been treated for any mental health conditions from 1994 to the present.  <u>See</u> Letter dated October 26, 2005 of Hugh Zuber ("Zuber Let.") (ct. doc. 174).  Additionally, in prior submissions, Miller claimed that plaintiffs will not present testimony from any mental health provider and that Mrs. Miller will not seek damages for emotional distress.  Letter dated September 14, 2005 of Hugh Zuber at 1-2 (ct. doc. 160).

    Rule 35 authorizes a mental examination of a party "[w]hen the mental . . . condition of a party . . . is in controversy . . . [and] upon good cause shown."  Fed. R. Civ. P. 35(a); <u>see</u>

Schagenhauf v. Holder, 379 U.S. 104, 111 (1964).  Although Miller claims that she will not seek damages for emotional distress, plaintiffs allege in their third party complaint that the defendants' conduct have caused plaintiffs to "have suffered constant depression, anxiety, loss of sleep, and marital stress, and have been forced to relocate as the result of having been victimized by the defendants..."  Answer and Amended Third Party Complaint ("Am. 3d Party Compl.")  at ¶ 151.  Miller also testified in her deposition that because of the stress resulting from defendants' fraud, she left her job, her health deteriorated, her marriage suffered and she contemplated suicide. Letter dated October 18, 2005 of Andrew Lauri at 3-4.  Even though Mrs. Miller may not now be "directly" seeking damages for emotional distress, Miller's allegations of "constant" severe emotional distress has put her mental and emotional state in controversy.  See Wilson v. Dalton, 24 Fed. Appx. 777 (9th Cir. 2001); EEOC v. Grief Brothers Corp., 218 F.R.D. 59, 62 (W.D.N.Y. 2003); Cauley v. Ingram Micro, Inc., 216 F.R.D. 245, 247 (W.D.N.Y. 2003); Thiessen v. General Electric Capital Corp., 178 F.R.D. 568, 570-71 (D. Kan. 1998); Ali v. Wang Laboratories, Inc., 162 F.R.D. 165, 167-68 (M.D. Fla. 1995).  Moreover, although Miller will not present testimony from any mental health provider, because plaintiff can establish her emotional distress through her own testimony, her allegations regarding the consequences of the stress caused by defendants' conduct opens the door to discovery regarding other causes of her alleged

decline in physical and mental well-being. See Cuoco v. U.S. Bureau of Prisons, 98 Civ. 9009, 2003 WL 1618530, at *3 (S.D.N.Y. March 27, 2003) (permitting discovery to ascertain whether plaintiff's distress was caused by other circumstances because plaintiff can testify about her emotional injuries without a psychotherapist); Montgomery v. New York State Office of Mental Health, No. 00 Civ. 4189, 2002 WL 500357, at *2 (S.D.N.Y. April 3, 2002) (noting that even if plaintiff did not seek damages for emotional distress, "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration").

Notwithstanding this Court's prior ruling as to the scope of discoverable mental health records, this Court will not limit Dr. Angelo's examination to that or any other time period. "An expert may require such information for various purposes, including to establish a baseline for comparison to events and conduct occurring later, establishing a rapport with the subject, determining the impact of prior events and occurrences on subsequent conduct, and discerning causal relationships between prior events or occurrences and subsequent conditions or conduct." Marsch v. Rensselaer County, 218 F.R.D. 367, 370 (N.D.N.Y. 2003). This Court will defer to the professional judgment of Dr. Angelo as to the scope of his inquiry. See Simpson v. University of Colo., 220 F.R.D. 354, 363 (D. Colo. 2004) (deferring to psychiatrist as to length and potential subjects of examination); Warrick v. Brode, 46 F.R.D. 427, 428 (D. Del. 1969) ("The examining doctor is, in effect, an 'officer

of the court' performing a non-adversary duty).

## CONCLUSION

For the foregoing reasons, the motion to compel is granted.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 4, 2005

                                              /s/
                                            MARILYN D. GO
                                            UNITED STATES MAGISTRATE JUDGE