UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   02 CV 5410 (NG) (MDG)
M & T MORTGAGE CORPORATION,

                   **Plaintiff,**

    -against-                                                              **ORDER**

CEDRIC D. MILLER; ELIZABETH MILLER;
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION; CITY OF NEW YORK
DEPARTMENT OF TRANSPORTATION
PARKING VIOLATIONS BUREAU; NEW
YORK CITY DEPARTMENT OF
ENVIRONMENTAL CONTROL; PEOPLE OF
THE STATE OF NEW YORK; NEW YORK
CITY BUREAU OF HIGHWAY OPERATIONS;
NEW YORK CITY DEPARTMENT OF
TAXATION AND FINANCE; TAXI AND
LIMOUSINE COMMISSION; JOHN DOE;
and MARY DOE,

                   **Defendants.**
------------------------------------------------------------------------X
CEDRIC D. MILLER and ELIZABETH MILLER,

                   **Third-Party Plaintiffs,**

    -against-

BETTER HOMES DEPOT, INC.; ERIC FESSLER,
individually and in his capacity as President of Better
Homes Depot, Inc.; GLEN JOHN, individually and
in his capacity as a real estate broker employed by
Better Homes Depot, Inc.; MADISON HOME
EQUITIES, INC.; NADINE MALONE, individually
and in her capacity as President of Madison Home
Equities, Inc.; MICHAEL RINDENOW, individually
and in his capacity as agent of Madison Home
Equities, Inc.; NEAL SULTZER, ESQ.;
ACKERMAN, RAPHAN & SULTZER; MARC
ORINGER; ALTON BROWN; C. PETER DAVID,
ESQ.; CLA, INC.; ROBERT DOSCH; A.V.P.
EXTERMINATORS, INC.; PARAGON
ABSTRACT, INC.; LAWYERS TITLE
INSURANCE CORPORATION; VERRAZANO
ASSOCIATES, LTD.; FIDELITY NATIONAL TITLE
INSURANCE COMPANY; UNITED STATES
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,

                   **Third-Party Defendants.**
------------------------------------------------------------------------X

**GERSHON, United States District Judge:**

I have carefully reviewed the objections to Magistrate Judge Go's order of September 7, 2005, which denied the Millers' motion to compel non-party witness Gail Zucker to answer certain deposition questions to which she asserted a Fifth Amendment privilege against self-incrimination. Upon that review, I now find the objections to be without merit and affirm Judge Go's order. Judge Go correctly analyzed the issues of waiver raised by the Millers and correctly applied the law to the facts presented here.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
February 15, 2006