UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

M&T MORTGAGE CORP.,

        Plaintiff,

   - against -                ORDER

CEDRIC D. MILLER and ELIZABETH     CV 2002-5410 (NG)(MDG)
MILLER, et al.,

     Defendants and
     Third-Party Plaintiffs,

   - against -

UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, et al.,

     Third-Party Defendants.

- - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Third-party plaintiffs Cedric and Elizabeth Miller (collectively the "Millers" or "plaintiffs") bring claims for fraud, conspiracy to commit fraud and violations of the New York Deceptive Practices Act, N.Y. Gen. Bus. Law § 349 arising from their purchase of a home from third-party defendants Better Homes Depot, Inc. ("Better Homes") and Eric Fessler ("Fessler") (collectively the "Better Homes defendants"). The Millers have made a motion in the nature of a motion in limine to set limits on the number and type of other residential sales made by the Better Homes defendants that may be presented at trial in connection with the proof or defense of allegations concerning the pattern and practices of defendants. See ct. doc. 201.

Third-party defendants Madison Home Equities, Inc., Nadine Malone and Michael Rindenow (the "Madison defendants") and the Better Homes defendants have submitted a joint memorandum opposing the plaintiffs' proposed limitations.

The submissions filed in connection with this motion were also filed in two related cases: <u>Council, et al. v. Better Homes Depot, Inc.</u>, 2004-cv-05620 (NGG)(VVP) (ct. doc. 170) and in <u>M&T Mortgage Corporation v. White</u>, 2004-cv-04775 (NGG)(VVP)(ct. doc. 133). In these two actions, purchasers of homes from Better Homes have made similar allegations of a pattern and practice in the targeting of first-time minority purchasers of homes at grossly inflated prices through a scheme perpetrated by the Better Homes defendants, the Madison defendants and many of the same parties against whom the third-party plaintiffs have asserted third-party claims. The purchasers in those actions are represented by the same counsel as the Millers and the defendants are also represented by the same counsel as in this case. Judge Pohorelsky, the judge supervising discovery in those two cases, and I jointly heard arguments on these motions, as well as several other virtually identical discovery motions filed in all three actions.

In decisions filed on October 5, 2007 in <u>Council</u> and <u>White</u>, Judge Pohorelsky agreed with the proposal of the purchasers' counsel that the universe of home sales for consideration in discovery and trial as to plaintiffs' pattern and practice

allegations should be limited to sales involving (1) homes sold by Better Homes; (2) financing provided by Madison as mortgagee; and (3) mortgages insured by the Federal Housing Authority ("FHA"). See ct. doc. 200 in Council; ct. doc. 172 in White. The opposing defendants in all three actions had agreed at oral argument to utilize these three criteria in limiting the universe of home sales to be considered. Judge Pohorelsky further held that the appropriate time limit for these sales should be for the period from January 1, 1997 through May 31, 2000, as advocated by the plaintiffs. Last, because the home buyers involved in sales meeting the three criteria numbered considerably more than one hundred, Judge Pohorelsky limited depositions of non-party purchases to 20 witnesses on each side. However, he declined on the record before the Court to set a minimum number that the purchasers would have to establish to meet their burden of proving "pattern and practice."

I agree with the decision of Judge Pohorelsky and adopt his reasoning and holding in addressing the instant motion. Although the Millers, unlike the plaintiffs in White and Council are no longer pursuing claims under federal law in this action, they nonetheless may also present proof of a "pattern" with respect to their state law claim under the New York Deceptive Practices Act, N.Y. Gen. Bus. Law § 349, and claim for punitive damages. Under Section 349 of the General Business Law, a plaintiff must show that defendant's conduct is "directed at wrongs against the

consuming public" and not a private contract dispute unique to the parties.  See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 24-25, 623 N.Y.S.2d 529 (1995).  This can be established by showing that a defendant's conduct is "part of a pattern directed at the public generally." Breen Belgium BVBA v. Int'l Foreign Currency, 37 A.D.3d 633, 635, 831 N.Y.S.2d 450, 452 (2d Dep't 2007); Lynch v. McQueen, 309 A.D.2d 790, 792, 765 N.Y.S.2d 645, 648 (2d Dep't 2003). Similarly, in order to recover punitive damages for fraud which arises out of a contractual relationship, the Millers must also show that the defendants' conduct amounted to a "pattern directed at the public generally."  Exxonmobil Inter-America, Inc. v. Advanced Info. Eng'g Servs., Inc., 328 F. Supp. 2d 443, 448-49 (S.D.N.Y. 2004) (citing New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 316, 639 N.Y.S.2d 283, 287 (1995)).

I also make the following observations to provide additional background for Judge Pohorelsky's decision.  Because this case was filed first, I addressed discovery disputes in rulings that Judge Pohorelsky later followed, including originally limiting the Miller's discovery requests directed at the defendants to sales involving FHA insured loans between January 1, 1999 through May 31, 2000.  As Judge Pohorelsky noted, this limitation was set to accommodate the defendants' objection that discovery for a longer period would be unduly burdensome and involve a huge volume of documents.  In fact, the Better Homes defendants

produced almost no documents.  As discussed in my order dated August 17, 2007 in which I granted the Millers' motion for sanctions against the Better Homes defendants because of spoliation of evidence, Better Homes claimed it had no documents responsive to the Millers' discovery requests concerning the other sales.  <u>See</u> ct. doc. 213 at 6.  The Millers apparently obtained the bulk of the documents regarding the other sales through their own efforts and from other sources, including HUD and Borchert, Genovesi, LaSpina & Landicino, P.C., prior counsel for Better Homes, whom had been ordered to produce Better Homes files to other parties despite the firm's lien.

Given this history, the initial position of the Better Homes and Madison defendants that proof of a pattern should be derived from the broader universe of all sales by Better Homes from 1997 to the present makes little sense.  After the Better Homes and Madison defendants agreed at oral argument to limit the focus to sales meeting the three criteria above, they then inexplicably argued for a narrower time period than proposed by the Millers -- specifically, the 1999 to 2000 time period which coincides with temporal limitations I originally set for discovery.

In contrast, the Millers have consistently pressed for discovery relating to a longer period and since the early conferences in this case, have argued for discovery concerning transactions from 1997.  In initially limiting discovery to transactions occurring between 1999 to May 2000, I understood

that the covered transactions during this 17 month period numbered over 100, a number which I believed was likely to provide the Millers with sufficient evidence to support their pattern and practice claims.[1]  In light of this, I did not question the defendants' claim that a production of documents for a longer time period would be unduly burdensome.  As Judge Pohorelsky observed, this ruling concerned only the discovery to be produced by the Better Homes and Madison defendants; I did not generally limit the scope of other discovery or trial to the more limited time period originally delineated.  I also indicated that the Millers could bring a future request to expand the scope of discovery sought should the discovery produced prove insufficient.

Discovery of sales during the longer time period from 1997 to May 2000 clearly "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  A pattern could very well be founded upon transactions occurring over a 41 month period rather than the original 17 month period.  See Hill v. Amoco Oil, No. 97 C 7501, 2003 WL 262424, at *4 (N.D.

---

[1] The parties do not clearly state in their submissions the number of sales involved in either the large or small time frame.  However, in an earlier discovery dispute arising from the Better Homes defendants' objection to requests to admit propounded by the Millers, counsel for the Millers noted that he sought admissions relating to (a) 151 properties the Millers previously identified as transactions occurring between 1999 and May 31, 2000 and (b) 96 transactions, including 90 occurring in 1997 and 1998.  See Oct. 26, 2006 letter of Richard Wagner (ct. doc. 206) at 2, 6.

Ill. Jan. 27, 2003) (finding 30 discriminatory transactions out of millions over 7 year period insufficient to show pattern and practice of discrimination, but proof that 30 out of 30 randomly selected African-Americans were discriminated against would be compelling evidence of a pattern and practice of discrimination).

CONCLUSION

For the foregoing reasons, the Millers' motion in the nature of a motion in limine is granted to the extent outlined by Judge Pohorelsky, as discussed at a conference on October 18, 2007. Each side shall designate by November 15, 2007 up to 20 non-party home buyers purchasing homes from Better Homes between 1997 and May 2000 with financing obtained from Madison and insured by the FHA. No non-party home buyer will be permitted to testify at trial unless he or she is identified by this deadline and depositions of non-party home buyers shall be limited to the home buyers designated by either side. This limitation shall not be construed as a limitation on the scope of proof that the trial Court may set in the future and is without prejudice to a further motion in limine closer to trial.

**SO ORDERED.**

Dated: Brooklyn, New York
       November 13, 2007

                                         /s/
                                     MARILYN D. GO
                                     UNITED STATES MAGISTRATE JUDGE