UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

M & T MORTGAGE CORPORATION,

                Plaintiff,    <u>ORDER</u>

                                  CV 2002-5410 (NG)(MDG)

    - against -

CEDRIC D. MILLER <u>et</u> <u>ano</u>,

           Defendants and
      Third Party Plaintiffs,

    - against -

BETTER HOMES DEPOT, INC., <u>et</u> <u>al</u>.,

- - - - - - - - - - - - - - - - - X

    By letter dated November 27, 2007, counsel for third party plaintiffs Cedric and Elizabeth Miller seek various relief with respect to the limited production of documents by third party defendant Ackerman Raphan & Sulzer ("Ackerman") sought by the Millers. Ct. doc. 225. This application is denied without prejudice, in large part, because it is premature.

    When the Millers advised at a conference on November 20, 2007 that they intended to file a motion for sanctions against Ackerman for spoliation of the records at issue, this Court suggested that the Millers conduct discovery regarding the record-keeping practices of Ackerman. Since Ackerman was not willing to consent to such a deposition, this Court set a schedule for a motion for further discovery to give Ackerman an

opportunity to provide more detailed support for its objection. This Court also directed the parties to confer and attempt to resolve the dispute before making any motion.

Attempting to bypass the need for a deposition, the Millers request the Court to find that Ackerman "either suppressed or destroyed wilfully" the documents not produced. Ct. doc. 225 at 2. Although such findings were made as to defendants Better Homes and Eric Fessler, this Court did so on a full record after discovery concerning the record-keeping practices of these defendants. No such discovery has apparently been conducted and the Millers have not attempted to resolve their dispute with Ackerman regarding depositions on this topic.

Given the above rulings, the request for costs and fees is denied.

**The parties should note that future requests to compel discovery or for any type of relief by the Court may, if appropriate, be made by letter application, but must be filed under the appropriate "motion" on the ECF list of civil events.**

**SO ORDERED.**

Dated: Brooklyn, New York
November 28, 2007

 /s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE