```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
```

M & T MORTGAGE CORPORATION,

               Plaintiff,

<u>ORDER</u>

    - against -             CV 2002-5410 (NG)(MDG)

CEDRIC D. MILLER <u>et</u> <u>ano</u>,

        Defendants and
  Third Party Plaintiffs,

    - against -

Better Homes Depot, Inc. <u>et</u> <u>al</u>.,

```
- - - - - - - - - - - - - - - - - X
```

    This Order summarizes the basis for the rulings made in greater detail on the record at a conference held on April 24, 2008 at which this Court denied the motion of the third party plaintiffs, Cedric D. Miller and Elizabeth Miller, to stay the depositions of the non-party witnesses they designated as their "pattern and practice witnesses" pursuant to prior orders of this court.  <u>See</u> ct. doc. 248.  The Millers contended that they will be prejudiced if the depositions are held because of the failure third party defendants Madison Home Equities ("Madison") to produce the closing files for properties purchased by these witnesses, as previously ordered by this Court and by Judge Viktor Pohorelsky in two related cases.  The Millers also argued that the defendants failed to comply with Rule 45 of the Federal Rules of Civil Procedure in failing to provide requisite notice

to them and to the witnesses.

As noted, the third party defendants satisfied the requirements of Rule 45(b)(1) by faxing notices of depositions of these witnesses to opposing counsel in advance of the service of the subpoenas. The rule requires parties to give notice of a request for documents but does not specify that the actual subpoena be served on other parties. Fed. R. Civ. P. 45(b)(1) ("If the subpoena commands the production of documents .... before trial, then before it is served, a notice must be served on each party"). In any event, because the counsel for the Millers were well aware which witnesses would be deposed long before the third party defendants served subpoenas on the witnesses,[1] they have not been prejudiced by the fact they were not served with the subpoenas.

Similarly, the non-party witnesses have not been prejudiced by the failure of the third party defendants to include the text

---

[1] That the depositions of the designated non-party witnesses would be taken was the subject of discussion at many conferences and several scheduling orders. While this Court understands plaintiffs' position that they do not represent the persons they designated as their "pattern and practice witnesses," they gave every indication at prior conferences that they would assist in arranging for the attendance of the witnesses. In fact, Peter Cross stated at a discovery hearing on March 5, 2008 that: "I would suggest that if they give us the dates that ...the defendants agree that they're available, we will then take those dates and slot in the witnesses as to the best days that they can take off from work. So we will take the responsibility for getting the witnesses on those days if they just give us enough dates that we can work with." See transcript at 44. Suffice to say, the insistence now of counsel for the Millers that subpoenas should be served on the witnesses was unexpected, particularly with respect to witnesses with whom they have had contact.

of Rule 45(b) and (c) in the subpoena as required by Rule 45(a)(1)(iv), assuming that the Millers have standing to raise this objection. This Court is cognizant of the importance of the protections afforded non-parties by Rule 45(b) and (c) and the fact that the non-party witnesses may respond to the subpoenas without the benefit of counsel. However, the subpoenaed deponents apparently had previously been contacted by counsel for the Millers, who have indicated that they may represent these witnesses, if asked to do so. Moreover, there does not appear to be any viable substantive basis to object to the subpoena since the parties do not dispute the relevance of the information sought from these witnesses. In the absence of prejudice, this Court finds no reason to delay the depositions because of the procedural defects in the subpoena. See Elam v. Ryder Automotive Operations, Inc., 179 F.R.D. 413, 415 (W.D.N.Y. 1998).

Last, while this Court agrees that the Millers and the witnesses may be disadvantaged by the lack of relevant closing documents that Madison was required to produce, staying the depositions serve little purpose other than to delay this litigation further. The Millers may pursue whatever legal recourse they may have against Madison for its failure to produce the documents that may be relevant to the depositions.

**SO ORDERED.**

Dated:	Brooklyn, New York
		April 25, 2008

					/s/_____
					MARILYN D. GO
					UNITED STATES MAGISTRATE JUDGE