UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

M & T MORTGAGE CORPORATION,

                              Plaintiff,          <u>ORDER</u>

            - against -                   CV 2002-5410 (NG)(MDG)

CEDRIC D. MILLER <u>et</u> <u>ano</u>,

                        Defendants and
              Third Party Plaintiffs,

            - against -

BETTER HOMES DEPOT, INC., <u>et</u> <u>al</u>.,

- - - - - - - - - - - - - - - - X


      This order addresses the motion filed on February 1, 2008 by
third-party plaintiffs Cedric and Elizabeth Miller (collectively
the "Millers" or "plaintiffs") for sanctions against third-party
defendants Ackerman, Raphan & Sultzer and Neil Sultzer
(collectively the "Ackerman defendants") for spoliation of certain
files and for an order deeming admitted by defendant Better Homes
Depot, Inc. ("Better Homes") certain facts that were the subject
of Requests for Admissions served on Better Homes and Eric
Fessler. <u>See</u> ct. docs. 232, 235. Counsel for the plaintiffs
filed virtually identical motions on behalf of the plaintiffs they
represent in two related cases now pending before Judge Viktor
Pohorelsky. <u>See</u> <u>Council, et al. v. Better Homes Depot, Inc.</u>,
2004-cv-05620 (NGG)(VVP) (ct. docs. 219, 222) and <u>M&T Mortgage
Corporation v. White</u>, 2004-cv-04775 (NGG)(VVP) (ct. docs. 191,
194).

<u>Sanctions for Spoliation</u>

The motion for sanctions is denied as moot in light of the stipulation of dismissal filed on August 18, 2008 providing for dismissal of the claims against the Ackerman defendants, CLA, Inc. and Robert Dosch. <u>See</u> ct. doc. 272. This stipulation reflected consummation of a settlement agreement reached in July among the parties to the stipulation in this action, the plaintiffs in the two related actions and certain defendants sued only in those two other actions.

However, on August 13, 2008, the Millers filed a letter herein, which was addressed to Judge Pohorelsky in the two related actions, contending, <u>inter alia</u>, that the motions for spoliation sanctions filed in those actions have not been mooted by the settlement with the Ackerman defendants. <u>See</u> ct. doc. 269 at 1. Rather, those plaintiffs claim that "the motion also seeks spoliation sanctions against [Better Homes Depot] for this destruction of files" by the Ackerman defendants because "[t]here is no evidence or assertion by [Better Homes Depot] that it ever notified or in any way directed [Ackerman, Raphan & Sultzer] to maintain and preserve these files..." Ct. doc. 269 at 1-2.

Insofar as plaintiffs are now also seeking sanctions against Better Homes Depot for spoliation, the motion is denied. In their notice of motion, the plaintiffs stated that they were seeking "an Order (a) deeming admitted certain requests for admission made to defendant Better Homes Depot; and (b) granting sanctions against defendants Neil Sultzer and Ackerman, Raphan &

Sultzer for the intentional spoliation of evidence."  Ct. doc.
232 at 1-2.  The plaintiffs did not mention in their memorandum
in support of their motion that they sought spoliation sanctions
against Better Homes Depot.  <u>See</u> ct. doc. 235.

Plaintiffs first raised the notion of relief against Better
Homes Depot ("BHD") and Madison Home Equities ("MHE") in a one
sentence footnote at the end of their reply brief "respectfully
request[ing] that the Court exercise its discretion to extend
spoliation sanctions also to BHD and MHE for failing, in October
2002, to notify its custodial agent for legal files, [Ackerman,
Raphan & Sultzer] to retain files that relate to BHD and MHE.
Ct. doc. 238 at 25-26 & n.9.  At oral argument on April 3, 2008,
plaintiffs did not state that they also sought relief against
Better Homes Depot for spoliation.  <u>See</u> minute entry for motion
hearing held on April 3, 2008; Transcript of Proceedings held on
April 3, 2008 ("Tr.") (ct. doc. 270).  Although a schedule for
post-argument submissions was set, that was done to give the
parties an opportunity "to supplement anything they want after
hearing our comments."  Tr. at 92.  Despite the absence of any
comment at oral argument regarding the plaintiffs' request for
relief against BHD or MHE, plaintiffs again contended in passing
in the penultimate paragraph of their supplemental memorandum
that:

> Finally, there is no evidence that BHD, knowing
> that ARK was the custodian of all of its legal files
> from all of its 1997-2000 transactions, ever notified
> or directed ARS, as the custodian of <u>its</u> files, to
> preserve and retain all of these files during the

> pendency of the litigation unless permitted by the
> Court to discard them, BHD, too, should be deemed
> culpable for not having done so, and the spoliation
> sanctions should also extend to BHD.

Ct. doc. 246 at 9.

Under these circumstances, I decline to consider plaintiffs'

argument that spoliation sanctions are warranted against Better

Homes Depot because it was not properly presented. See In re

Dobbs, 227 Fed. Appx. 63, 64 (2d Cir. 2007) ("[W]e think that it

was entirely proper for the District Court to decline to consider

debtor-appellant's argument, raised for the first time in its

reply brief, regarding proximate causation"); Evangelista v.

Ashcroft, 359 F.3d 145, 155 n.4 (2d Cir. 2004).  BHD, in fact,

never responded to the request for spoliation sanctions against

it, nor could it be expected to do so since plaintiffs did not

mention in their notice of motion that they were seeking such

sanctions as to BHD.  As many courts have recognized, "it is well

settled that arguments may not be raised for the first time in a

reply brief as that tactic denies the [opposing party] the

opportunity to respond."  Estate of Morris ex rel. Morris v.

Dapolito, 297 F.Supp.2d 680, 689 (S.D.N.Y. 2004); see also Martin

v. Gantner 443 F.Supp.2d 367, 371 n. 5 (E.D.N.Y. 2006); Carmody

v. ProNav Ship Management, Inc., 224 F.R.D. 111, 131 (S.D.N.Y.

2004) (citing cases); Marcoux v. Farm Service and Supplies, Inc.,

290 F.Supp.2d 457, 485 n.7 (S.D.N.Y. 2003).  Even though given an

opportunity to file supplemental briefs following oral argument,

BHD had no reason to address plaintiffs' request for sanctions

which plaintiffs buried in a footnote in their reply brief and never mentioned in oral argument.

Requests to Admit

The requests to admit were the subject of an earlier motion by plaintiffs to deem admitted various matters contained in their Request for Admissions because of the inadequate responses to the requests by the defendants Better Homes Depot, Inc. and Eric Fessler (the "Better Homes defendants" or "the defendants"). In an order filed November 29, 2007, this Court granted in part and denied in part that motion and gave the defendants leave to amend their responses to Requests 1, 2, 5 through 9, 10, 12, 13, and 17. See ct. doc. 227. The additional responses of Better Homes to admissions sought by those requests are the subject of the instant motion.

Better Homes served amended responses that addressed Requests 10, 12, 13, and 17, but has made no further response with respect to Requests 1, 2, and 5 through 9. Accordingly, as indicated in the November 29, 2007 Order, Requests 1 and 2 are now deemed admitted without qualification except with respect to property numbers 25, 86, 112, 114, and 142, and Requests 5 through 9 are deemed admitted without qualification in their entirety.

As to Requests 10, 12, 13, and 17, the amended responses served by Better Homes specifies the inquiries undertaken in an effort to satisfy that defendant's Rule 36 obligations. Those

inquiries consisted of a request to review the files of its
attorneys, Ackerman, Raphan & Sultzer, and a review of New York
City's Automated City Register Information System ("ACRIS").  The
review of their attorneys' files consisted of reviewing documents
related to only three properties.  No information was provided
concerning what the review of ACRIS entailed.

The court concludes that the efforts identified by Better
Homes are feeble and insufficient to discharge its obligations to
make reasonable inquiry before asserting that it cannot admit or
deny the requests.  <u>See</u> Fed. R. Civ. P. 36(a)(4).  Other records
were available for review, and other inquiries could have been
made, once Better Homes was unable to obtain any meaningful
information from its attorneys.  For instance, bank records
should have been consulted to determine whether Better Homes was
involved in the transactions at issue, and if Better Home did not
still possess the records, it could have sought them from its
banks.  Better Homes should have made an effort to review the
records of its co-defendant, Madison Home Equities, who had a
longstanding business relationship with Better Homes and is
listed as the mortgagee in ACRIS for a number of the transactions
covered by Requests 10, 12, 13, and 17.  <u>See, e.g.</u>, <u>T. Rowe Price
Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.</u>, 174 F.R.D. 38,
43 (S.D.N.Y. 1997); <u>Al-Jundi v. Rockefeller</u>, 91 F.R.D. 590,
593-94 (W.D.N.Y.1981) (reasonable inquiry includes inquiry from
co-defendants and parties with parallel interests).  The records
available on-line on ACRIS also revealed the names of grantors,

typically referees in foreclosure, who could have been contacted in an effort to develop more information. The court files where the foreclosure proceedings were brought were also available to Better Homes to enable it to obtain the reports of the referees and other relevant documents. All of this information should have been reviewed and used by Eric Fessler to refresh his recollection regarding his company's practices generally and its involvement in transactions concerning the specific properties in Schedule B. In light of the fact that Better Homes claims to have destroyed all of its own records concerning the transactions and the properties identified in Schedule B, the court has no difficulty concluding that these efforts should have been undertaken by Better Homes in an effort to respond properly to the plaintiffs' Requests.

As Better Homes has failed to undertake reasonable inquiries to enable it to admit or deny the requests at issue, notwithstanding that more than adequate opportunity has been provided for it to do so, Requests 10, 12, 13, and 17 are also hereby deemed admitted by Better Homes. See, e.g., Ashford v. East Coast Express Eviction, 245 F.R.D. 36, 37 (D.D.C. 2007); SEC. v. Batterman, No. 00 Civ. 4835, 2002 WL 31190171, at *6-7 (S.D.N.Y. Sept. 30, 2002).

The above rulings deeming Requests 1, 2, 5 through 10, 12, 13, and 17 to be admitted by the defendant Better Homes does not bar any future objection or motion as to the relevance and admissibility of the information covered in those requests.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for sanctions for spoliation is denied and their motion to deem Requests 1, 2, 5 through 10, 12, 13, and 17 of their Requests for Admission admitted by Better Homes Depot is granted.

**SO ORDERED.**

Dated:     Brooklyn, New York
           September 3, 2008


                                    /s/
                                    _____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE