UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

M & T MORTGAGE CORPORATION,

                Plaintiff,

      - against -

CEDRIC D. MILLER and ELIZABETH
MILLER,

              Defendants and
       Third Party Plaintiffs,

      - against -

BETTER HOMES DEPOT, INC., et al.,

- - - - - - - - - - - - - - - - - X

<u>ORDER</u>

CV 2002-5410 (NG)(MDG)

    Better Homes Depot, Inc. and Eric Fessler (collectively herein "Better Homes" or "the defendants") seek reconsideration of this court's Order dated September 3, 2008 ("September 3 order") which deemed certain requests for admissions served by the third-party plaintiff Cedric Miller and Elizabeth Miller(collectively "plaintiffs") to be admitted because of the failure of Better Homes to undertake reasonable inquiry before asserting that they were unable to admit or deny the requests. Order, Sept. 3, 2008, at 3 (ct. doc. 273). The September 3 order was not the first time the Court had addressed the requests for admission and the defendants' inadequate responses to them. In a previous order concerning the same requests, the Court had given the defendants an opportunity to amend their responses after conducting a more thorough inquiry. <u>See</u> Order, Nov. 29, 2007 ("earlier order") (ct. doc. 227). The defendants having failed a second time to conduct

the necessary inquiry, the September 3 order granted the plaintiffs the relief to which they are entitled.

In seeking reconsideration, the defendants argue that they should be given yet more time to conduct the necessary inquiries with respect to requests 10, 12, 13 and 17 before they are deemed admitted.  See 9/15/08 Letter of Steven Bagwin, ct. doc. 278. These requests concern 96 properties listed on what plaintiffs have called the Schedule B list, which plaintiffs contend were acquired by the defendants primarily in foreclosure sales and ultimately transferred to purchasers after altering the deeds naming defendants as grantee and substituting the names of the ultimate purchasers.  The motion is denied.

Local Civil Rule 6.3 permits motions for reconsideration of "matters or controlling decisions which counsel believes the court has overlooked."  Id.  "The standard for granting such a motion is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked, matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "A movant may not, however, 'advance new facts, issues or arguments not previously presented to the Court,' or 'reargue those issues already considered.'"  Hayles v. Advanced Travel Management Corp., No. 01 Civ. 10017 (BSJ), 2004 WL 117597 at *1 (S.D.N.Y. Jan. 26, 2004) (quoting Gjoni v. Home Depot Inc., 99 Civ. 1849, 2002 WL 91623 at *1 (S.D.N.Y. Jan. 23, 2002)).

These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters. Zoll v. Jordache Enterprises Inc., No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

The defendants have not identified any controlling decisions or facts that the court overlooked in reaching its decision. Rather, they argue that they should be given additional time to seek out and review the sources of information which, as noted in the September 3 order, they could have consulted before serving their amended responses. They contend that they should be given the opportunity to do so now, since the court had not suggested those sources in its earlier order denying the plaintiffs' first motion to deem the requests at issue admitted. That premise is not entirely correct. In the earlier order, this Court granted the defendants additional time to amend their responses "after reviewing the records of their attorneys *and any other reasonably available documents*." Ct. doc. 227 at 4 (emphasis added). Those additional sources -- bank records, records of their co-defendant Madison Home Equities, Inc., records of foreclosure referees, and court documents -- were all discussed at a hearing in April 2008, both in the context of this motion and plaintiffs' other motion for sanctions against the moving defendants' attorneys for allegedly destroying certain records. See transcript of April 3,

2008 hearing ("Hearing Tr.") at 47-61, 95-98; see generally id. at 66-98. Thus, even if the defendants could reasonably claim they were ignorant of or overlooked the availability of those additional sources of information, they could have asked for additional time to amend their responses once they were apprised that those records constituted available sources of information. They did not do so and instead, argued at the hearing and in counsel's post hearing submission that responding to the requests would be burdensome and that the properties on the Schedule B list were not all transferred by a referee, as claimed by plaintiffs. See Hearing Tr. at 71-72, 83-87, 4/17/08 Supplemental Declaration in Opposition (ct. doc. 247).

Defendants raised similar claims of burdensomeness when plaintiffs first served the requests and sought a protective order to avoid having to review public records. See ct. doc. 205. This Court denied the motion in an order filed on August 3, 2007 (ct. doc. 212), incorporating the reasoning of Judge Pohorelsky disposing of the same letter motion filed by the defendants in Council, et al. v. Better Homes Depot, Inc., 2004-cv-05620 (NGG)(VVP) (ct. doc. 170) to quash identical requests for admissions served by the plaintiff in that action and in M&T Mortgage Corporation v. White, 2004-cv-04775 (NGG)(VVP). A copy of both orders are filed herewith as Exhibits A and B. As these orders make clear, the defendants had an obligation to make a good faith effort to consult available documents, whether in public records or elsewhere.

Moreover, the admissions plaintiffs seek cover very specific and limited information as to each Schedule B property: whether defendants acquired title, submitted a deed for recording, entered into a contract of sale and executed a deed for the properties. As this Court previously noted, defendants should have had records concerning the business transactions in which they were involved. Ct. doc. 227 at 4-5. Were defendants to have such records, the discrete information sought in the requests would be readily available. Counsel for defendants mentions he actually looked at some other public sources as part of his "small sampling" of six Schedule B properties. However, he did so only to support his challenge to how plaintiffs created the Schedule B list. See Hearing Tr. at 86-91; Suppl. Decl. at 8-9. Defendants did not attempt to use any of the information that counsel did examine to supplement their responses as to any specific property.

The defendants' failure to seek more time to respond to the requests or to make *any* attempt to supplement responses as to even one property undercuts any sympathetic consideration of their request for more time now, given that discovery is now complete and motion practice has begun.

For the foregoing reasons, the motion for reconsideration is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
November 12, 2008

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE